FILED
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

2025 JAN 10 PM 4:32

S.D. OF N.Y.W.P.

Celli v. Garland et al. case no. 24-CV-07442

Re; Pre-MOTION FOR JUDICIAL RECUSAL PURSUANT TO 28 U.S.C. § 455, as Sen. Schumer and Sen. Gilliband have vested interest in this case and they misusing their positions to help Randi Weingarten in her involvement of depriving me of fair trial, wage theft, health insurance, pension theft, etc

Dear Judge Seibel and Judge Rearden

I forgot to include knowledge from outside proceedings and Ohio v. Tumey for connections, like Sen. Schumer and Sen. Gilliband. I have saying pre-motion because no defendant has had an opportunity to oppose my motion. Your Honors, however, could decide "sua sponte."

COMES NOW, **LUCIO CELLI**, Plaintiff in the above-captioned matter and moves this Honorable Court for the recusal of Judges Paul A. Engelmayer, Cathy Seibel, and Jennifer Rearden pursuant to 28 U.S.C. § 455. In support thereof, [Party] states as follows:

I. INTRODUCTION

1. This motion seeks the recusal of Judges Engelmayer, Seibel, and Rearden based on their political connections and relationships with United States Senators Charles Schumer and Kirsten Gillibrand, which create an appearance of impropriety and potential bias in violation of 28 U.S.C. § 455 and the Code of Conduct for United States Judges.

II. LEGAL STANDARD

2. Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

3. The standard for recusal is whether an objective, disinterested observer fully informed of the facts would entertain significant doubt that justice would be done in the case.

III. GROUNDS FOR RECUSAL

A. Judge Paul A. Engelmayer and Judge Cathy Seibel

4. Judges Engelmayer and Seibel have significant political connections to Senator Charles Schumer, who played a crucial role in their nominations and appointments to the federal bench.

5. Senator Schumer's direct involvement in their judicial appointments creates an appearance of political allegiance that could reasonably cause an objective observer to question their impartiality, particularly in matters where Senator Schumer's political interests or positions may be relevant.

B. Judge Jennifer Rearden

6. Judge Rearden's appointment to the federal bench was strongly supported and advocated for by Senator Kirsten Gillibrand.

7. This political sponsorship and support from Senator Gillibrand creates an appearance of potential bias and raises reasonable questions about impartiality, particularly in matters involving Senator Gillibrand's political interests or positions.

IV. LEGAL ARGUMENT

8. The Supreme Court has established that recusal is required not only when actual bias exists but also when there is an appearance of partiality. See Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988).

9. The political relationships between:
   a. Judges Engelmayer and Seibel with Senator Schumer, and
   b. Judge Rearden with Senator Gillibrand
   create precisely the type of appearance of impropriety that § 455(a) was designed to prevent.

10. These relationships demonstrate potential bias or, at minimum, create an appearance of bias that requires recusal under § 455(a).

11. The integrity of the judicial process requires that judges not only be impartial in fact but also appear to be impartial. The close political connections between these judges and their sponsoring senators create a reasonable doubt about their ability to maintain impartiality.

**Please Take Notice**, I can prove that I was denied a fair trial by Schumer with his judges and Randi Weingarten, denial of liberty without due process and Engelmayer/Peace's involvement in employment decision due to Engelmayer's order.

V. AUTHORITY

12. In similar cases, courts have recognized that close political relationships can create an appearance of impropriety requiring recusal:
    - In re United States, 666 F.2d 690 (1st Cir. 1981)
    - United States v. Alabama, 828 F.2d 1532 (11th Cir. 1987)

VI. CONCLUSION

WHEREFORE, [Party] respectfully requests that Judges Engelmayer, Seibel, and Rearden recuse themselves from this matter pursuant to 28 U.S.C. § 455 and that this case be reassigned to judges whose impartiality cannot reasonably be questioned.

Respectfully submitted,

Lucio Celli
89 Widmer Road
Wappingers Falls, NY 12590
718-547-9675 or 929-429-0155
Lucio.Celli.12@gmail.com

*/s/ Lucio Celli*
1/10/25