UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUCIO CELLI,

                           Plaintiff,

                -v.-

AG BONDI AND THE AUSA OF YOUR
DISTRICT, et al.,

                           Defendants.

24 Civ. 7442 (JHR)

OPINION & ORDER

JENNIFER H. REARDEN, District Judge:

Plaintiff Lucio Celli, appearing *pro se*, brings this action apparently seeking injunctive

relief in connection with his criminal conviction in 2021 for "Transmission of Threats to Injure,"

*United States v. Celli*, No. 19 Cr. 127 (PAE) (E.D.N.Y. July 20, 2021).  Plaintiff names at least

seventeen individual Defendants, including five federal judges who adjudicated several earlier

cases; five lawyers who previously represented him; four Probation Officers; Attorney General

Pamela Bondi;[1] Randi Weingarten, the President of the American Federation of Teachers; the

"AUSAs of EDNY"; "Federal Defender"; and "US Marshals."  Compl. at 1.  The Court granted

Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.  ECF No. 6

(IFP Order).  As discussed below, the Court dismisses the action *sua sponte* because the

Complaint plainly fails to state a claim on which relief can be granted.

**STANDARD OF REVIEW**

"Under [28 U.S.C.] § 1915(e), a district court must dismiss a complaint filed *in forma*

*pauperis* if it determines that the action '(i) is frivolous or malicious; (ii) fails to state a claim on

---

[1] The Complaint named "AG Garland" as a Defendant.  ECF No. 1 (Compl.) at 1.  The Court assumes that Plaintiff named former United States Attorney General Merrick Garland in his "official capacity."  Fed. R. Civ. P. 25(d).  Accordingly, pursuant to Federal Rule of Civil Procedure 25(d), United States Attorney General Pamela Bondi is "automatically substituted" for former United States Attorney General Garland.  *Id.*

which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.'" *Caldwell v. Barriere*, 844 F. App'x 461, 461 (2d Cir. 2021) (quoting 28 U.S.C. § 1915(e)(2)(B)). Also, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The Court is "obligated," however, to construe *pro se* pleadings "liberally," *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret such pleadings as raising the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). "But the special solicitude in *pro se* cases has its limits - to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief." *Sestak v. Parisi-McGowan*, No. 23 Civ. 7264 (LTS), 2023 U.S. Dist. LEXIS 185235, *1 (S.D.N.Y. Oct. 16, 2023) (cleaned up).

Rule 8 further mandates that a complaint include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is facially plausible if a litigant pleads enough factual detail to allow the Court to draw the inference that the opposing litigant is liable for the alleged misconduct." *Sestak*, 2023 U.S. Dist. LEXIS 185235, at *2 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In reviewing a complaint, "the Court must accept all well-pleaded factual allegations as true," but it need not "accept as true '[t]hreadbare recitals of the elements of a cause of action,' which are essentially just legal conclusions." *Id.* (alteration in original) (quoting *Iqbal*, 556 U.S. at 678). "After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible - not merely possible - that the pleader is entitled to relief." *Id.* (citing *Iqbal*, 556 U.S. at 679).

# BACKGROUND

Plaintiff's allegations seem to relate primarily to his previous litigation in the United States District Court for the Eastern District of New York.  The Court recounts Plaintiff's litigation history before summarizing the Complaint.

## A.    Litigation History.

In a December 24, 2016 order in *Celli v. N.Y.C. Dep't of Educ.*, Judge Brian M. Cogan of the Eastern District of New York granted the motion of defendants the New York City Department of Education; Richard Cole, in his individual and official capacities as an administrator of the Emolior Academy—a public school located in the Bronx, New York, of which Plaintiff is a former employee; and Anne Bernard, in her individual and official capacities as principal of the Emolior Academy to dismiss Plaintiff's *pro se* third amended complaint.  *See* No. 15 Civ. 3679 (BMC), 2016 WL 10567948, at *2 (E.D.N.Y. Dec. 24, 2016), *aff'd sub nom.*, *Celli v. Cole*, 699 F. App'x 88 (2d Cir. 2017) (summary order).  Judge Cogan summarized that pleading as "filled with extensive rants, rambling allegations, and many vulgar *ad hominem* attacks against several individuals based on perceived wrongs."[2]  *Id.*

In a September 29, 2018 order in *Combier v. Portelos*, where Plaintiff appeared as a *pro se* defendant accused of "engag[ing] in a scheme designed to harm [the *Combier* plaintiff]'s business by defaming [her] and her friends," District Judge Margo K. Brodie of the Eastern

---

[2] In Plaintiff's appeal of Judge Cogan's dismissal, which was deemed "frivolous," the Second Circuit directed Plaintiff "to show cause within thirty days why he should not be required to seek leave of this Court before filing any appeals or other documents."  *Celli*, 699 F. App'x at 89.  Although Plaintiff submitted a response to that order, the Second Circuit found that he had "failed to show cause why a leave-to-file sanction should not be imposed."  *Celli v. Cole*, No. 17-234, at 1 (2d Cir. Nov. 21, 2017).  The Second Circuit thus directed its Clerk of Court to "refuse to accept for filing from . . . [Plaintiff] any future appeal, motion, or other papers unless he first obtains leave of" that court.  *Id.* at 2.

District of New York dismissed Plaintiff's counterclaims *sua sponte* as "frivolous," noting

Plaintiff's "voluminous, and at times irrelevant, filings in [that] matter." No. 17 Civ. 2239

(MKB), 2018 WL 4678577, at *7, *9 (E.D.N.Y. Sept. 29, 2018), *aff'd*, 788 F. App'x 774 (2d

Cir. 2019) (summary order).[3]

In 2019, Plaintiff was criminally charged in the Eastern District of New York with

violating 18 U.S.C. § 875(c) by transmitting threats to injure Judges Cogan and Brodie. These

threats were "in connection with emails sent" to those judges, and to "other public officials." *See*

*Celli v. N.Y. Dep't of Educ.*, No. 21 Civ. 10455 (LTS), 2022 WL 19696, at *1 (S.D.N.Y. Jan. 3,

2022) (citing *United States v. Celli*, No. 19 Cr. 127 (PAE) (E.D.N.Y. July 20, 2021)). Judge

Paul A. Engelmayer of this District, sitting by designation after all judges in the Eastern District

of New York recused themselves, presided over Plaintiff's criminal case there. Plaintiff pleaded

guilty to one count of "Transmission of Threats to Injure," in violation of Section 875(c), for

which Judge Engelmayer sentenced him to time served and two years of supervised release.

*United States v. Celli*, No. 19 Cr. 127 (PAE) (E.D.N.Y. July 20, 2021). Plaintiff's subsequent

appeal of that judgment was dismissed by the Second Circuit. *United States v. Celli*, No. 21-

1760, at 1 (2d Cir. Jan. 6, 2023).[4]

---

[3] Chief Judge Livingston was among the Circuit Judges who presided over Plaintiff's appeal in *Combier*.

[4] Plaintiff filed his appeal on July 21, 2021. *United States v. Celli*, No. 21-1760, at 1 (2d Cir. July 21, 2021). On November 21, 2022, while the appeal was pending, Plaintiff was found in violation of the conditions of his supervised release for "[f]il[ing] a [d]ocument in EDNY," "[c]ontact[ing] a [j]udge," and "[c]ontact[ing] a [p]rosecutor." *United States v. Celli*, 19 Cr. 127 (PAE), at 1 (E.D.N.Y Nov. 21, 2022). For those violations, Plaintiff was sentenced to "[t]ime served," and "[t]he previous term of [his] supervised release [was] revoked and a new term of eighteen (18) months [was] imposed." *Id*. at 2, 3. On January 6, 2023, the Second Circuit dismissed Plaintiff's appeal "without prejudice to an appeal from the new sentence imposed on November 21, 2022." *United States v. Celli*, No. 21-1760, at 1 (2d Cir. Jan. 6, 2023). Plaintiff

In 2021, Plaintiff filed a *pro se* civil action in this District "against the [New York City Department of Education ("DOE")]; DOE Superintendent Sabrina Cook; the New York City Law Department; Senator Charles Schumer; Mayor Bill de Blasio; New York City Council Speaker Corey Johnson; and Shannon Hamilton-Kopplin, Chief Counsel of the U.S. Senate Select Committee on Ethics." *Celli v. N.Y. Dep't of Educ.*, No. 21 Civ. 10455 (LTS), 2022 WL 19696, at *1 (S.D.N.Y. Jan. 3, 2022). In that case, Plaintiff "challenge[d] his conviction in the . . . Eastern District of New York" and "assert[ed] claims under state law in connection with his teacher tenure hearing [involving] the New York City Department of Education." *Id*. By order dated January 3, 2022, Chief Judge Laura Taylor Swain dismissed the action *sua sponte*, recounting Plaintiff's litigation history and noting, *inter alia,* that his "complaint [was] rambling and disjointed." *Id.* at *1-2. According to Chief Judge Swain, "a civil action under 42 U.S.C. § 1983 is not the proper vehicle to challenge a criminal conviction." *Id.* at *2. And although "[c]hallenges to the constitutionality of a federal conviction can be raised on direct appeal from the conviction or in a motion under 28 U.S.C. § 2255," "a section 2255 motion [was] premature" because "Plaintiff's appeal from his conviction [was then] still pending" and, in any event, it would need to "be brought in 'the court which imposed the sentence.'" *Id.* at *2-3 (quoting 28 U.S.C. § 2255(a)). Thus, Chief Judge Swain "dismiss[ed] Plaintiff's claims that his

---

appealed his new sentence, which the Second Circuit summarily affirmed on April 23, 2024. *United States v. Celli*, No. 22-3138, at 1 (2d Cir. Apr. 23, 2024). On May 9, 2024, Plaintiff was sentenced to "[t]hree (3) months['] [imprisonment], effective June 6, 2024" for "[f]ailure to [c]omply with the [c]ontact [r]estrictions [i]mposed by the Court [p]rohibiting [c]ontact with [a]ny [j]udge or [a]ny [c]ourt." *United States v. Celli*, 19 Cr. 127 (PAE), at 1, 2 (E.D.N.Y May 9, 2024). At this point, Plaintiff has "completed his revocation prison sentence, he is no longer subject to supervised release, and the record does not reveal any concrete and continuing injuries flowing from the revocation." *United States v. Celli*, 19 Cr. 127 (PAE), at 1 (E.D.N.Y Sep. 9, 2024).

constitutional rights were violated . . . , without prejudice to Plaintiff's filing such a motion in the district of conviction." *Id*. at 3.  Chief Judge Swain further concluded that, with respect to Plaintiff's claims under state law that invoked the Court's diversity jurisdiction, "diversity of citizenship [was] not complete," and "it would be futile to grant Plaintiff an opportunity to drop all of the defendants whose presence defeat[ed] diversity jurisdiction because the only diverse defendant . . . ha[d] no apparent connection to this action." *Id.* at *3.  Chief Judge Swain also "decline[d] to exercise supplemental jurisdiction over any state-law claims."[5] *Id.* at *4.

      In 2022, acting *pro se*, Plaintiff brought two more cases in this District.  By order dated March 29, 2022, Judge Cathy Seibel dismissed *sua sponte* the action against "(1) Judge . . . Cogan . . . ; (2) Judge . . . Engelmayer . . . ; (3) Benjamin Silverman, a criminal defense attorney on the Eastern District's Criminal Justice Act (CJA) panel, who represented Plaintiff in his criminal case; (4) Plaintiff's appellate attorney, Daniel Perez; and (5) Chief Judge Debra Ann Livingston of the Second Circuit[,] [as well as] . . . two U.S. Senate Committees and an employee of one of those committees, Shannon Kopplin . . . , Senator Chuck Schumer, and Randi Weingarten . . . [,]" in which Plaintiff sought "injunctive relief in connection with his appeal of his conviction in the . . . Eastern District of New York." *Celli v. Perez*, No. 22 Civ. 2353 (CS), 2022 WL 922779, at *1 (S.D.N.Y. Mar. 29, 2022).  Consistent with Chief Judge Swain's holding in *Celli*, 2022 WL 19696, Judge Seibel ruled that "construing [Plaintiff's] complaint as a § 2255 motion [was] not appropriate because (1) such a motion would be

---

[5] Also in 2021, Plaintiff filed a *pro se* action in the United States District Court for the District of Columbia in which he made similar claims.  On January 31, 2022, the court dismissed the action *sua sponte* "because Celli's claims either [did] not fall within the Court's subject matter jurisdiction or plainly fail[ed] to state a claim on which relief [could] be granted." *Celli v. Weingarten*, No. 21 Civ. 3359 (CRC), 2022 WL 278772, at *1 (D.D.C. Jan. 31, 2022).

premature . . . and (2) such a motion must be brought in the Eastern District of New York." *Id.* at *3. Accordingly, Judge Seibel "dismisse[d] Plaintiff's claims that his constitutional rights were violated in connection with his conviction, without prejudice to Plaintiff's filing such a motion in the district of conviction." *Id*. at 4. Judge Seibel also dismissed Plaintiff's state law claims because "diversity of citizenship [was] not complete." *Id*. Finally, Judge Seibel "decline[d] to grant Plaintiff leave to amend his complaint to attempt to show that the Court can exercise diversity jurisdiction" because "Plaintiff [did] not assert any state law claims against the only diverse defendant . . . [a]nd the Court [could not] identify any state law claim Plaintiff could assert based on the facts alleged in the complaint." *Id*. at *4. Noting that Chief Judge Swain had already informed Plaintiff that he "could not challenge his criminal conviction in a civil rights action" filed in this Court, *see Celli*, 2022 WL 19696, Judge Seibel warned Plaintiff "that filing a new civil rights action in this Court, challenging his Eastern District of New York conviction, will result in an order barring him from filing any new action challenging that conviction, without prior permission." *Id.* (citing 28 U.S.C. § 1651).

On March 30, 2022, Judge Seibel *sua sponte* dismissed another civil action brought by Plaintiff. *Celli v. Katzman* [sic], No. 22 Civ. 2354 (CS), 2022 WL 1063038, (S.D.N.Y Mar. 30, 2022). In that case, Plaintiff sought "damages and injunctive relief in connection with his appeal of his conviction in the . . . Eastern District of New York" against "(1) federal judges (Circuit Judge Robert Katzmann, District Judges Brian Cogan and Margo Brodie, and Magistrate Judge Vera Scanlon); (2) several Assistant United States Attorneys from the Eastern District of New York; (3) the Federal Defenders of New York, Inc., as well as several attorneys employed there; (4) several attorneys on the Eastern District of New York's Criminal Justice Act (CJA) panel; (5) the United States Marshals; (6) Senator Chuck Schumer; (7) the United Federation of Teachers

(UFT) and Randi Weingarten . . . ; (8) former Mayor Bill de Blasio; (9) unidentified New York City Council members; (10) Elizabeth Combier; (11) Susan Edelman of the New York Post; and (12) the New York City Department of Education." *Id.* at *1. "The Court . . . decline[d] to characterize . . . [Plaintiff's] civil action as brought under § 2255 because his direct appeal in the Court of Appeals [was] still pending," noting that, "should Plaintiff eventually seek *habeas* relief, he must do so in the district of conviction." *Id.* at *3. For that reason, "the Court dismisse[d] all claims arising from Plaintiff's criminal proceedings in *Celli*, No. 19-CR-0127." *Id*. at *2. Judge Seibel also held that "[t]he Court [could not] exercise diversity jurisdiction over any state law claims Plaintiff may [have] be[en] asserting," because "diversity of citizenship [did] not exist at all, let alone completely," and "the Court decline[d] to exercise its supplemental jurisdiction over any state-law claims Plaintiff may [have] be[en] asserting." *Id*. at *3. "Because the defects in Plaintiff's complaint [could not] be cured with an amendment, the Court decline[d] to grant Plaintiff leave to amend his complaint." *Id*. Judge Seibel also "warn[ed] Plaintiff" again "that filing a new civil rights action in this Court, challenging his Eastern District of New York conviction, will result in an order barring him from filing any new action challenging that conviction, without prior permission." *Id.* at *4.

Later in 2022, Plaintiff filed a third *pro se* civil action, this time in the Eastern District of New York. *Celli v. Engelmayer*, No. 22 Civ. 4646 (TJM), 2023 WL 2666876, (E.D.N.Y. Mar. 28, 2023). The complaint named "United States District Court Judges . . . Engelmayer, Ann M. Donnelly, Kiyo A. Matsumoto, and Brian M. Cogan, United States Court of Appeals Judge Debra Ann Livingston, United States Attorney General Merrick Garland, several Assistant United States Attorneys . . . , Plaintiff's former criminal defense attorneys, and Randi Weingarten . . . ." *Id*. at *1. Judge Thomas J. McAvoy inferred that:

> Plaintiff [took] issue with events that transpired in his criminal case before
> visiting Judge Paul A. Engelmayer.  Plaintiff assert[ed] that AUSA Peace and
> AUSA Karamigious [sic] conspired with Judge Cogan and Judge Engelmayer to
> deny him his constitutional rights.  Plaintiff further assert[ed] that defense
> attorneys Kellman and Silverman, along with AUSA Karamigious [sic] and Judge
> Engelmayer, deprived him of a fair hearing.  Plaintiff assert[ed] that Judges
> Cooper [of the Eastern District of New York], Swain, and Siebel covered up Judge
> Engelmayer's criminal conduct.

*Id.* (citations omitted).  On March 28, 2023, Judge McAvoy *sua sponte* dismissed that complaint, which he found to be "far from a model of clarity," "with prejudice for failure to state a claim upon which relief may be granted."  *Id.*  Judge McAvoy held that, "to the extent that Plaintiff [sought] to assert that his criminal conviction [was] unjust, a civil rights action [was] not the proper vehicle to challenge his conviction.  Instead, challenges to the constitutionality of a federal conviction must be raised on direct appeal or in a motion pursuant to 28 U.S.C. § 2255."  *Id.* at *2.  "[T]he Court . . . liberally construe[d] Plaintiff's complaint as asserting claims against the defendants, who [were] federal officers under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)."  *Id*. at *1.  Judge McAvoy dismissed the claims against the federal-judge defendants "under the doctrine of judicial immunity," and the claims against the federal-prosecutor defendants under "the doctrine of prosecutorial immunity."  *Id.* at *1, *3.  He also dismissed Plaintiff's claims under Section 1983 against the defense-attorney defendants, who, "as private persons, are beyond the scope of Section 1983 liability," because "Section 1983 imposes liability for constitutional violations by state actors only."  *Id.* at *3. Judge McAvoy construed Plaintiff's claims against Attorney General Garland as targeting Garland "in his official capacity," and for that reason, he was "entitled to sovereign immunity."  *Id.* at *4.  Because "Plaintiff [did] not identif[y] any basis for invalidating that immunity, Plaintiff's claim against Defendant Garland [was] dismissed."  *Id.*  Finally, Judge McAvoy dismissed Plaintiff's claims under *Bivens* and Section 1983 against the remaining defendants

because "Plaintiff . . . alleged no comprehensible facts against [these defendants], much less facts

plausibly alleging direct and personal involvement in a constitutional violation." *Id.* Noting

Plaintiff's litigation history, Judge McAvoy warned "that the future filing of repetitive, vexatious

and frivolous litigation may result in the imposition of an injunction prohibiting [Plaintiff] from

making future filings seeking *in forma pauperis* status without leave" of court. *Id.*

## B.    The Instant Complaint.

To the extent Plaintiff's Complaint can be understood, he seems to bring this action

similarly challenging his criminal conviction in Eastern District of New York. Plaintiff sues the

following individuals: (1) United States Attorney General Pamela Bondi; (2) an unidentified

Assistant United States Attorney ("AUSA") for the Southern District of New York; (3) Judge

Paul A. Engelmayer of this District; (4) Chief Judge Laura Taylor Swain of this District; (5)

Chief Judge Debra Ann Livingston of the United States Court of Appeals for the Second Circuit;

(6) Judge Cathy Seibel of this District; (7) apparently all of the AUSAs for the Eastern District of

New York; (8) an AUSA for the Eastern District of New York referred to as "Nephew";

(9) Chief U.S. Probation Officer Joshua Sparks and federal Probation Officers Erica Cudina,

Joseph Lombardo, and Erin Weinrauch; (10) "Federal Defender," which the Court interprets to

be the Federal Defenders of New York; (11) the "US Marshals"; (12) "Ms. Kellaman," who

appears to be Plaintiff's former criminal defense attorney Susan Kellman, Esq.; (13) "Mr.

Perez," who appears to be Plaintiff's former criminal defense attorney Daniel M. Perez, Esq.;

(14) Randi Weingarten, President of the American Federation of Teachers; (15) Judge Brian M.

Cogan of the Eastern District of New York; (16) "Santana," who appears to be Plaintiff's former

criminal defense attorney Jaime Santana, Jr., Esq.; (17) "Mysliwiec," who appears to be

Plaintiff's former trial criminal defense attorney Aaron J. Mysliwiec, Esq.; and (18) "Mr.

Silverman," who appears to be Plaintiff's former trial criminal defense attorney Benjamin

Silverman, Esq. Compl. at 1.

"Plaintiff's Complaint is rambling and disjointed." *Celli*, 2022 WL 19696, at *2. Rather

than submitting "a comprehensible complaint, [P]laintiff . . . filed a . . . complaint[] filled with

extensive rants . . . and many vulgar *ad hominem* attacks against several individuals based on

perceived wrongs." *Celli*, 2016 WL 10567948, at *2. The Complaint asserts claims against

many of the same defendants as in Plaintiff's prior actions, including Chief Judge Livingston,

Judges Engelmayer, Ms. Weingarten, United States Marshals, various AUSAs, and several of

Plaintiff's former defense attorneys.

To the extent the Court grasps Plaintiff's allegations, he seeks the following relief: (1)

that "[t]hose with judicial immunity and prosecutorial immunity provide [him with] equal

protection of laws and not depriv[e] [him] of [his] civil rights for Randi Weingarten, Sen.

Schumer, and Judge Cogan," Compl. at 17; (2) that he be "provide[d] . . . with a fair trial and

hearings," *id*.; (3) that "the AUSAs of EDNY . . . stop conspiring with Judge Engelmayer, Judge

Cogan[,] and Randi Weingarten to deprive [him of his] rights," *id*.; (4) that "senior leadership of

the AUSAs of EDNY . . . deal with AUSA Karamigious [sic] and AUSA Bensing making

misrepresentation[s] to the court . . . and presenting false report[s] from law enforcement[,]"

including from "[Probation] Officer Lombardo," *id*; (5) "[a] stay on reporting to [what appears to

be the Federal Bureau of Prison's Medical Center in Lexington, Kentucky,] because Judge

Engelmayer said, 'it was planned this way' and the audios will confirm the collusion between

Judge Engelmayer and Ms. Kellman,'" *id*.; and (6) for Judge Engelmayer "to recuse himself

prior to [Plaintiff's] filing any habeas corpus [petition] because [Plaintiff] ha[s] HIV drug resistance because he helped Randi" Weingarten, *id*. at 19.[6]

Plaintiff's allegations seem to express dissatisfaction with (1) the process by which he was criminally convicted and (2) the results of his earlier lawsuits in the Eastern District of New York and in this District. They also reflect Plaintiff's belief that:

> [t]he AUSA[s] and all of [Plaintiff's] lawyers need to be disbarred for knowingly helping and conspiring with Randi [Weingarten] and [Judge] Cogan with their criminal scheme to deprive of every . . . right known for a fair trial[;] . . . every . .

---

[6] On November 8, 2024, Plaintiff filed a letter in this action addressed to Chief Judge Swain. The letter complains about the clerks in the Court's Pro Se Intake Unit. ECF No. 5 (November 8, 2024 Letter). On November 20, 2024, Plaintiff filed two additional letters directed to Chief Judge Swain. ECF Nos. 7 (First November 20, 2024 Letter) and 8 (Second November 20, 2024 Letter). The first of the two November 20 letters seems to cover a wide variety of subjects. First November 20, 2024 Letter. Plaintiff's other November 20 letter appears to recount experiences with the Court's Pro Se Intake Unit. Second November 20, 2024 Letter. On December 18, 2024, Plaintiff filed a fourth letter, which, from what the Court can glean, asks the Court to issue summonses either to the US Marshals or to Plaintiff, and to order AUSA Peace to help Plaintiff with his statutory rights, while accusing various figures, including Senator Schumer, Weingarten, and Judge Cogan, of crimes. ECF No. 9 (December 18, 2024 Letter). On January 10, 2025, Plaintiff filed a letter with the Court complaining about the Second Circuit's Clerk of Court, Catherine O'Hagan Wolfe. ECF No. 10 (January 10, 2025 Letter). Also on January 10, 2025, Plaintiff "move[d] for the issuance of summonses to either [him]self or to the US Marshals in the case of NYS wage theft allegedly committed by Randi Weingarten." ECF No. 11 (January 10, 2025 Motion for Summonses). Lastly, on January 10, 2025, Plaintiff filed a "motion seek[ing] the recusal of Judges Engelmayer, Seibel, and Rearden." ECF No. 12 (January 10, 2025 Motion for Recusal) at 1. Regarding this Court, the Motion for Recusal averred that "Judge Rearden's appointment to the federal bench was strongly supported and advocated for by Senator Kirsten Gillibrand," and that "[t]his political sponsorship and support from Senator Gillibrand creates an appearance of potential bias and raises questions about impartiality, particularly in matters involving Senator Gillibrand's political interests or positions." *Id*. at 2. However, "disqualification is not required with regards to interests that are 'remote, contingent, indirect or speculative.'" *Kirk v. Citigroup Glob. Mkt. Holdings, Inc.*, No. 20 Civ. 7619 (ALC), 2023 WL 171771, at *3 (S.D.N.Y. Jan. 12, 2023) (quoting *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001)) (denying recusal motion where "Plaintiff . . . allege[d] that the Court must recuse itself because [the Court] was recommended for a judicial appointment by Senator Schumer"). "Plaintiff cannot rely on such an attenuated claim of bias to succeed on his [recusal] [m]otion." *Id*. Thus, Plaintiff's Motion for Recusal is denied.

. AUSA[] knew and [Judge] Engelmayer aided them and [presumably Second
Circuit Clerk of Court Catherine O'Hagan] Wolfe covered it up.

Compl. at 1.

Plaintiff further alleges that Judge Engelmayer, Clerk Wolfe, Chief Judge Livingston, and

Eastern District of New York United States Attorney Breon S. Peace "were bribed." *Id.* at 2. He

also avers that Perez, his appellate criminal defense attorney, and AUSA Karamigios engaged in

criminal conduct, and that Clerk Wolfe was aware of that conduct and "lied to the judges" about

it. *See id.* ("Wolfe was . . . CAUGHT saying that Perez and Karamigios were committing a

crime but either she hid and lied to the judges and panel but if anyone looks at the transcripts . . .

."). Plaintiff asserts that his trial attorneys, including Kellman and Silverman, conspired against

him during his criminal case. *Id*. at 3 ("Engelmayer took [sic] bribe . . . and rob[bed] my parents

of money to cover his conspiracy with Kellman, Randi [Weingarten], [and] [Judge] Cogan."); *id.*

("Silverman admitted to conspiring with Randi [Weingarten] and [Judge] Cogan."). Plaintiff

additionally accuses at least some of the federal-probation-officer Defendants of lying under oath

and writing false reports. *Id*. at 3 ("There were never any violations and they were all fabricated

with Engelmayer knowing and ignoring the fact that he had Lombardo and Cudina write false

report [sic] . . . ."); *id.* at 10 ("Officer Lombardo with his Supervisor Ms. Weinrauch wrote a

false report . . . ."). He states that Weingarten, the United Federation of Teachers, Chief Judge

Livingston, Clerk Wolfe, Judge Engelmayer, Judge Cogan, and United States Senator Charles

Schumer "all planned to retaliate against [him] for exposing their criminal conspiracy by

depriving HIV med[ication to him] for over a month and now [he has] HIV drug resistance." *Id.*

at 2.

## DISCUSSION

**A.    Plaintiff's Apparent Claims Under 28 U.S.C. § 454 Are Dismissed as an Improper Private Prosecution.**

The Complaint states that "[t]he court will decide if Judge Engelmayer lost judicial immunity on April 6, 2021, when he practiced law under 28 U.S.C. § 454 because he told me what my intent will be and then had it edited out of the transcript, which Mr. Perez [sic]." *Id*. at 18.  By citing 28 U.S.C. § 454, *id*., a federal criminal statute relating to the practice of law by justices and judges, Plaintiff might be seeking the criminal prosecution of others, including at least some of the Defendants.  If that is the case, then the Court must dismiss those claims.  "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Razzoli v. US Att'y Excutive* [sic] *Off.*, No. 21 Civ. 4138 (LTS), 2021 WL 3173458, at *2 (S.D.N.Y. July 26, 2021) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Plaintiff cannot initiate a criminal prosecution, because "the decision to prosecute is solely within the discretion of the prosecutor."  *Id*. (quoting *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981)).  "Accordingly, the Court dismisses Plaintiff's claims, to the extent they are brought under federal criminal statutes, for failure to state a claim on which relief may be granted."  *Id.* (citing 28 U.S.C § 1915(e)(2)(B)(ii)).

**B.    Plaintiff's Possible Claims Under the Federal Tort Claims Act Fail Because He Does Not Seek Damages.**

Plaintiff's Complaint includes a header stating "FTC/Title VI," followed only by "[p]robation discriminated against me."  Compl. at 19.  The Court construes this as an attempt to assert claims under the Federal Tort Claims Act ("FTCA") against Chief U.S. Probation Officer Joshua Sparks and Federal Probation Officers Erica Cudina, Joseph Lombardo, and Erin Weinrauch (the "Federal-Probation-Officer Defendants") in their official capacities.  The Court

14

dismisses Plaintiff's FTCA claims pursuant to the doctrine of sovereign immunity, which "bars federal courts from hearing all suits against the federal government, including suits against individual federal officers in their official capacities, except where sovereign immunity has been waived." *Campbell v. Fed. Bureau of Prisons*, No. 23 Civ. 6526 (LTS), 2023 WL 7165112, at *3 (S.D.N.Y. Oct. 27, 2023) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).

       "The FTCA provides for a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment." *Pena v. U.S. Postal Serv.*, No. 23 Civ. 10123 (LTS), 2024 WL 81837, at *1 (S.D.N.Y. Jan. 8, 2024) (citing 28 U.S.C. §§ 1346(b)(1), 2680). "The proper defendant in an FTCA claim is the United States[.]" *Id.* (quoting *Holliday v. Augustine*, No. 14 Civ. 855 (SRU), 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015)); *see also* 28 U.S.C. § 2679(b)(1) ("The remedy against the United States provided by [the FTCA] . . . for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee."). "The Court therefore construes Plaintiff's claims against the [Federal-Probation-Officer Defendants] as brought against the United States of America." *Pena*, 2024 WL 81837, at *1.

       The FTCA, however, "only authorizes actions for money damages." *Waters v. United States*, No. 21 Civ. 7099 (VEC), 2023 WL 4409074, at *1 n.6 (S.D.N.Y. July 7, 2023) (citing *Birnbaum v. United States*, 588 F.2d 319, 335 (2d Cir. 1978)). But Plaintiff only seeks various forms of injunctive relief related to his criminal conviction in the Eastern District of New York,

*see supra* at 11-12, not damages. "Accordingly, the Court dismisses . . . Plaintiff['s] claim for injunctive relief" under the FTCA. *Waters*, 2023 WL 4409074, at *1 n.6.

**C.    Plaintiff's Claims Against Attorney General Bondi Are Dismissed Due to Sovereign Immunity.**

As in Plaintiff's dismissed civil action in the Eastern District of New York, *Celli v. Engelmayer*, No. 22 Civ. 4646 (TJM), 2023 WL 2666876, (E.D.N.Y. Mar. 28, 2023), Plaintiff here sues the United States Attorney General but makes no plausible allegation against her. Indeed, Attorney General Garland, for whom Attorney General Bondi has been substituted pursuant to Federal Rule of Civil Procedure 25(d), is not mentioned in the Complaint outside of the caption. "Attorney General [Bondi] acting in [her] official capacity is entitled to sovereign immunity and Plaintiff has not identified any basis for invalidating that immunity, [so] Plaintiff's claim against Defendant [Bondi] is dismissed on that basis." *Celli*, 2023 WL 2666876, at *4 (citing 28 U.S.C. § 1915(e)(2)(B)).

**D.    Plaintiff's Claims Under 42 U.S.C. § 2000d Fail Because His Allegations Do Not Create a Plausible Inference that the Federal-Probation-Officer Defendants Were Motivated by Race, Color, or National Origin, and Because Title VI Does Not Cover These Defendants Individually or in Their Official Capacities.**

Given the Complaint's header stating "FTC/Title VI," followed by "[p]robation discriminated against me," Compl. at 19, Plaintiff also appears to assert claims of discrimination under Title VI against the Federal-Probation-Officer Defendants. Those claims are dismissed as well.

Under the antidiscrimination provision of Title VI, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. The Court must dismiss Plaintiff's claims

under Title VI because "Plaintiff has alleged no facts showing how [he] was discriminated against by the [D]efendants on the basis of any of the classes protected by Title VI (race, color, or national origin) with regard to [his] participation in, being denied the benefits of, or being subjected to discrimination under any program or activity of any of the [D]efendants that receives federal funds. [He] also alleges nothing to suggest that any such discrimination was intentional, and [he] provides no factual basis to support the contention that such discrimination (based on race, color, or national origin) was a substantial and motivating factor for the [D]efendants' alleged actions." *Hintermaier v. Hands of Hope Physical Therapy & Wellness*, No. 24 Civ. 8914 (LTS), 2025 WL 384559, at *4 (S.D.N.Y. Feb. 4, 2025).

Such claims against the Federal-Probation-Officer Defendants also must be dismissed because "Title VI does not apply to programs directly administered by the federal government," *Maloney v. Soc. Sec. Admin.*, 517 F.3d 70, 75 (2d Cir. 2008) (citing *Soberal-Perez v. Heckler*, 717 F.2d 36, 38-39 (2d Cir. 1983)), as "[Title VI] was meant to cover only those situations where federal funding is given to a non-federal entity which, in turn, provides financial assistance to the ultimate beneficiary," *id*. (alteration in original) (quoting *Soberal-Perez*, 717 F.2d at 38).

To the extent that Plaintiff makes claims under Title VI against the Federal-Probation-Officer Defendants in their individual capacities, they must be dismissed as well because "Title VI does not provide for individual liability." *Sherman v. Yonkers Public Schs.*, No. 21 Civ. 7317 (CS), 2023 WL 137775, at *7 (S.D.N.Y. Jan. 9, 2023) ("[A]ny Title VI claim against Defendants . . . in their individual capacities would have to be dismissed."). The Court therefore dismisses Plaintiff's claims under Title VI for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.      Plaintiff's Claims Under 42 U.S.C. § 1985 Are Dismissed Because He Fails to Allege Facts Indicating that Defendants' Actions Were Motivated by Racial or Another Class-Based Discriminatory Animus.**

Under "Count 5," the Complaint includes a header stating, "42 U.S.C. § 1985," followed by "[i]nterfered with my rights to a free trial," "[t]o make decisions freely," "[i]nterfered with employment," and "[r]eaches private citizens."  Compl. at 19.  The Complaint also states that, "Not only did Engelmayer ignore but he supported the criminal conduct by actively obstructing justice so that Randi and Cogan could evade prosecution and civil suit via 42 USC § 1985."  *Id.* at 4.  Thus, the Court construes Plaintiff's Complaint as asserting claims of conspiracy under 42 U.S.C. § 1985(3).  "To state a claim of conspiracy under § 1985(3), a plaintiff must show that there exists: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of her right or privilege as a citizen of the United States."  *Rochester v. Carter*, No. 20 Civ. 3427 (LLS), 2020 WL 2857158, at *5 (S.D.N.Y. June 1, 2020) (citing *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999)).  "[T]he [§ 1985(3)] conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action."  *Id.* (alterations in original) (quoting *Thomas*, 165 F.3d at 146).  "Vague and unsupported assertions of a claim of conspiracy . . . under . . . § 1985(3) . . . will not suffice."  *Id.* (citing *Wang v. Miller*, 356 F. App'x 516, 517 (2d Cir. 2009) (summary order)).

"Plaintiff's allegations about a conspiracy between [at least some, if not all, of] the [D]efendants are vague and without detail."  *Id.* at *6.  Plaintiff additionally "fails to allege any facts suggesting that any actions against [him] were motivated by racial or some other class-based discriminatory animus."  *Mortimer v. Grodsky*, No. 20 Civ. 8192 (LLS), 2020 WL

18

6729118, at *4 (S.D.N.Y. Nov. 13, 2020).  "The Court therefore dismisses Plaintiff's claims of

conspiracy under § 1985(3) for failure to state a claim on which relief may be granted."  *Id*.

(citing 28 U.S.C. § 1915(e)(2)(B)(ii)).

**F.      Plaintiff's Claims Under 42 U.S.C. § 1983 Fail Because He Does Not Seek Monetary
         Damages.**

Under "Count 2," the Complaint states, "42 U.S.C. § 1983 claim against Judge

Engelmayer, . . . [Probation] Officer Lombardo, [and] AUSA Karamigious [sic], as they

conspired to deprive me liberty and a fair trial."  Compl. at 18.  Under "Count 3," it asserts a "42

U.S.C. § 1983 claim against Judge Engelmayer," who supposedly "allowed Mr. Silverman to

collude with Judge Cogan and Randi Weingarten, as he did not allow me to play my audio,

because Mr. Silverman said that he did not do his job because of Judge Cogan and Randi

Weingarten."  *Id*.  Although the Complaint cites 42 U.S.C. § 1983, *see id*., "the Court construes

[Plaintiff's] allegations against the[se] [f]ederal [d]efendants to suggest a *Bivens* claim because

Section 1983 'does not apply to allegedly unlawful acts of federal officers.'"  *Futia v. Roberts*,

No. 23 Civ 1774 (VB), 2023 WL 8237246, at *3 n.5 (S.D.N.Y. Nov. 28, 2023) (quoting *United

States v. Acosta*, 502 F.3d 54, 60 (2d Cir. 2007)).  "Where a plaintiff brings a Section 1983 claim

against federal defendants in error, the proper course of action is to construe the complaint as

stating a cause of action under *Bivens*."  *Carattini v. Behun*, No. 21 Civ. 9373 (NSR), 2024 WL

3274663, at *2 (S.D.N.Y. July 2, 2024) (quoting *Bueno Diaz v. Mercurio*, 442 F. Supp. 3d 701,

706 n.2 (S.D.N.Y. 2020)).

"The only remedy available in a *Bivens* action is an award for monetary damages from

defendants in their individual capacities."  *Caraballo v. Pliler*, No. 21 Civ. 10476 (PMH), 2023

WL 3467185, at *6 n.4 (S.D.N.Y. May 15, 2023) (quoting *Higazy v. Templeton*, 505 F.3d 161,

169 (2d Cir. 2007)).  Because Plaintiff apparently only seeks various forms of injunctive relief in

connection with his criminal conviction in the Eastern District of New York and those involved in it, *see supra* at 11-12, and does not seek "monetary damages," *id.* (quoting *Higazy*, 505 F.3d at 169), his claims under *Bivens* must be dismissed for failure to state a claim on which relief may be granted.[7]  *See Hadwan v. United States Dep't of State*, No. 17 Civ. 578 (WHP), 2019 WL 4889373, at *3 (S.D.N.Y. Oct. 3, 2019) (citing *Higazy*, 505 F.3d at 169) (dismissing *Bivens* claim in part because Plaintiff "d[id] not seek money damages in the . . . Complaint, and that is the only relief available under *Bivens*"); *see also Nieves v. Liman*, No. 20 Civ. 9503 (LLS), 2020 WL 7248856, at *3 n.4 (S.D.N.Y. Dec. 7, 2020) (citing *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007)) ("[I]njunctive relief is unavailable under *Bivens*."); 28 U.S.C. § 1915(e)(2)(B)(ii).

## G.    Plaintiff's Claims Against Federal-Judge Defendants Are Dismissed Due to Judicial Immunity.

According to the Complaint, Plaintiff only seeks injunctive relief, not money damages, pertaining to his Eastern District of New York criminal conviction.  *See supra* at 11-12.  To the extent that Plaintiff asserts claims for injunctive relief against Chief Judges Livingston and Swain and Judges Seibel and Cogan (collectively, with Judge Engelmayer, the "Federal-Judge Defendants"), the Court must dismiss those claims under the doctrine of judicial immunity.  The claim against Judge Engelmayer addressed above, *see supra* at 19-20, is also subject to dismissal on this separate and independent ground.

---

[7] If Plaintiff intended to bring such claims against all of the federal Defendants, including Attorney General Bondi; an unidentified AUSA for the Southern District of New York; Chief Judges Livingston and Swain; Judges Seibel and Cogan; apparently all of the AUSAs for the Eastern District of New York; an AUSA for the Eastern District of New York referred to as "Nephew"; Chief U.S. Probation Officer in the Southern District of New York Joshua Sparks, federal Probation Officers Erica Cudina and Erin Weinrauch; and the "US Marshals," Compl. at 1, in addition to those named in Counts Two and Three, the result would be the same.

The Federal-Judge Defendants are "immune from any civil action seeking injunctive relief under the doctrine of judicial immunity." *Fontil v. Abrams*, No. 23 Civ. 4875 (LTS), 2023 WL 3996664, at *2 (S.D.N.Y. June 14, 2023). "Although judicial immunity does not absolutely bar a claim for prospective injunctive relief against a judicial officer acting in her judicial capacity, in the Federal Courts Improvement Act of 1996 ('FCIA'), Congress amended 42 U.S.C. § 1983 to provide that in 'any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" *Id.* (cleaned up) (quoting 42 U.S.C. § 1983). "Courts have understood that [amended] provision of Section 1983 to apply to federal judges." *Sun v. Mo*, No. 24 Civ. 3630 (KPF), 2024 WL 3639158, at *7 (S.D.N.Y. Aug. 2, 2024); *see also Fontil*, 2023 WL 3996664, at *2-3 (S.D.N.Y. June 14, 2023) (ruling that federal judge was "immune from any civil action seeking injunctive relief under the doctrine of judicial immunity" because "Plaintiff [did] not allege that any declaratory decree was violated or that declaratory relief was unavailable to her"); *Nieves v. Liman*, No. 20 Civ. 9503 (LLS), 2020 WL 7248856, at *3 (S.D.N.Y. Dec. 7, 2020) ("The Court must dismiss Plaintiff's claims for any injunctive relief against [federal judge] as barred by the 1996 amendment to § 1983, which applies to *Bivens* actions against federal judges."). "Here, Plaintiff does not allege that any declaratory decree was violated or that declaratory relief was unavailable to [him]." *Fontil*, 2023 WL 3996664, at *3. The Federal-Judge Defendants are "therefore immune from any liability in this action, and consequently [claims for injunctive relief against them are] dismissed as frivolous." *Id.* (citing *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999)).

**H.    Plaintiff's Claims Under 42 U.S.C. § 1983 Against Non-Federal Defendants Are Dismissed Because He Does Not Allege that They Acted as State Actors.**

As previously explained, under "Count 2," the Complaint states, "42 U.S.C. § 1983 claim against . . . Mr. Perez, Ms. Kellman, [and] Mr. Silverman, . . . as they conspired to deprive me liberty and a fair trial."  Compl. at 18.  The Court must dismiss this Section 1983 claim against these Defendants.

"To state a claim on which relief can be granted under [Section 1983], a litigant must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a 'state actor.'" *Sestak*, 2023 U.S. Dist. LEXIS 185235, at *5 (citing *West v. Atkins*, 487 U.S. 42, 48-49 (1988)). "'The traditional definition of acting under color of state law requires that the defendant . . . exercise[ ] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *Id.* at *5-6 (alterations in original) (quoting *West*, 487 U.S. at 49).  "Because the United States Constitution regulates only the Government, not private parties, [with respect to a claim brought under Section 1983,] a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action."  *Id.* at *6 (alteration in original) (quoting *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005)).  "Private parties generally are not state actors, and therefore are not usually liable under Section 1983."  *Schoch v. Scattaretico-Naber*, No. 24 Civ. 2294 (CS), 2024 WL 2221383, at *4 (S.D.N.Y. May 16, 2024) (citing *Sykes*, 723 F.3d at 406).

"Absent special circumstances suggesting concerted action between an attorney and a state representative, . . . a private attorney's legal representation of a private person does not constitute state action for the purpose of stating a claim under Section 1983 against that attorney, *regardless of whether that attorney is privately retained, court-appointed, or employed as a*

*public defender.*" *Id.* (cleaned up) (emphasis added); *see also Licari v. Voog*, 374 F. App'x 230, 231 (2d Cir. 2010) ("It is well established that private attorneys-even if the attorney was court appointed-are not state actors for the purposes of § 1983 claims."); *Shorter v. Rice*, No. 12 Civ. 111 (JFB), 2012 WL 1340088, at *4 (E.D.N.Y. Apr. 10, 2012) ("[I]t is axiomatic that neither public defenders, such as Legal Aid attorneys, nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position.").

This result would be the same even if Plaintiff intended to bring such claims against all of the other non-federal Defendants as well, namely the Federal Defenders of New York,[8] Weingarten, Santana, and Mysliwiec, as Plaintiff "alleges no facts showing that [any non-federal party] acted as a state actor with regard to [Plaintiff's] federally protected rights." *Schoch*, 2024 WL 2221383, at *5. "Thus, the Court dismisses Plaintiff's claims under Section 1983 against [all non-federal Defendants] for failure to state a claim on which relief may be granted." *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[8] The Federal Defenders of New York is an independent nonprofit organization. *See About Us*, FEDERAL DEFENDERS OF NEW YORK, https://www.federaldefendersny.org/about-us (last visited Mar. 24, 2025) ("The Federal Defenders of New York draws its roots from a small group of lawyers within the Legal Aid Society in the years before Federal Defender offices existed. In 1964 Congress passed the Criminal Justice Act (CJA) which required the provision of lawyers for people accused of crimes in federal court and established procedures for providing those lawyers. The CJA was amended by Congress several years later to allow individual federal districts to create federal public defender offices by establishing either a 'Federal Defender Office,' in which the staff members would be federal employees with the head of the office selected by the judges, or a 'Community Defender Office,' which could be an independent nonprofit organization. The Southern and Eastern Districts of New York opted for the Community Defender model, and the Legal Aid Society of New York expanded its already existing division exclusively devoted to serving clients accused of federal crimes. In 2005 the division separated from the Legal Aid Society and became an independent, non-profit corporation with its own Board of Directors. That is the model we maintain today.").

I.      **Plaintiff's Claims Under 28 U.S.C. § 530B Fail Because It Does Not Create a Private Right of Action.**

The Complaint's "Count 4" alleges that "[t]he AUSA received emails from me prior [sic] May 4, 2022," and that "[t]hey know that senior leadership, AUSA Karamigious [sic], and AUSA Bensing are subjected to 28 USC § 530b (McDade Act)."  Compl. at 18-19.  The Court thus interprets the Complaint as asserting a claim under 28 U.S.C. § 530B.  Any such claim is dismissed.  Pursuant to 28 U.S.C. § 530B(a), "[a]n attorney for the government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State."  Section 530B(b) provides that "[t]he Attorney General shall make and amend rules of the Department of Justice to assure compliance with this section."  But this statute "contains no suggestion that it is intended to provide an independent right of action to members of the public.  Indeed, it simply directs the Attorney General to prescribe appropriate rules to implement its requirement of ethical behavior."  *Dixon v. Admin. Appeal Dep't Off. of Info. & Priv.*, No. 6 Civ. 6069 (LAK) (MHD), at 14 (S.D.N.Y. Dec. 28, 2007), *report and recommendation adopted*, 2008 WL 216304 (S.D.N.Y. Jan. 22, 2008), *aff'd*, 336 F. App'x 98 (2d Cir. 2009) (summary order).  The Department of Justice's "resulting regulations[,] [namely 28 C.F.R. § 77.5,] . . . specify that they are not intended to create any independent right in the public enforceable by litigation against the Government."  *Id.* at 14-15; *see also* 28 C.F.R. § 77.5 ("The principles set forth herein, and internal office procedures adopted pursuant hereto, are intended solely for the guidance of attorneys for the government.  They are not intended to, do not, and may not be relied upon to create a right or benefit, substantive or procedural, enforceable at law by . . . plaintiffs . . . in civil . . . litigation."); *Neri v. Att'y Gen. of New Jersey*, No. Civ. A. 06-2400 (RBK), 2006 WL 3000358, at *2 (D.N.J. Oct. 17, 2006) ("[Section 530B]

does not 'create a right or benefit, substantive or procedural, enforceable at law by a party to litigation.'" (quoting 28 C.F.R. § 77.5)).  The Court therefore dismisses this claim for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**J.      The Court Declines to Recharacterize This Action as a Petition for a Writ of Error *Coram Nobis* Relief.**

During the pendency of Plaintiff's cases before Chief Judge Swain and Judges Seibel and McAvoy, Plaintiff was serving a term of supervised release, which "satisf[ies] § 2255(a)'s custody requirement."  *Cardenas v. United States*, No. 17 Cr. 339 (AJN), 2022 WL 1213338, at *3 n.2 (S.D.N.Y. Apr. 25, 2022) (citing *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994)).  Thus, the judges in those cases informed Plaintiff that, following resolution of his criminal appeal, he could challenge his conviction pursuant to 28 U.S.C. § 2255 in the Eastern District of New York.  *See, e.g.*, *Celli*, 2022 WL 1063038, at *2 ("Challenges to the constitutionality of a federal conviction may be raised on direct appeal from the conviction or in a motion under § 2255.").  Now Plaintiff is no longer in custody; he "has completed his revocation prison sentence, he is no longer subject to supervised release, and the record does not reveal any concrete and continuing injuries flowing from the revocation."  *United States v. Celli*, 19 Cr. 127 (PAE), at 1 (E.D.N.Y Sep. 9, 2024).  Accordingly, a Section 2255 motion is not the proper vehicle to challenge Plaintiff's conviction.  *Ware v. United States*, No. 4 Cr. 1224 (ER), 2023 WL 2757206, at *1 (S.D.N.Y. Apr. 3, 2023) ("[Defendant] was not in custody when he initially filed his petition, as required by [28 U.S.C. § 2255(a)].*"); see also Anguiano v. United States*, No. 14 Cr. 711 (NSR), 2022 WL 2162985, at *1 (S.D.N.Y. May 9, 2022) ("In order to invoke habeas corpus review by a federal court, the petitioner must satisfy the jurisdictional 'in custody' requirement of 28 U.S.C. § 2255." (quoting *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994))).

The Court declines to characterize this action as a petition for a writ of error *coram nobis* relief. "A petition for a writ of error *coram nobis* . . . amounts to a collateral attack on a verdict," *United States v. Yeboah*, No. 95 Cr. 1124 (KPF), 2024 WL 5154066, at *2 (S.D.N.Y. Dec. 18, 2024), and is 'essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction,'" *id.* at *3 (quoting *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000)). "To receive *coram nobis* relief, a petitioner must show 'that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ.'" *Shen v. United States*, No. 22 Civ. 8014 (GHW), 2024 WL 1803916, at *10 (S.D.N.Y. Apr. 25, 2024) (quoting *Doe v. United States*, 915 F.3d 905, 910 (2d Cir. 2019)). "[H]istorically, . . . [c]oram nobis was never a vehicle by which one court could review the conviction of another court. Rather, it is a self-corrective measure by which a court could review its *own* judgment of conviction to determine error in limited circumstances not encompassed by more regularly utilized procedures." *George v. New York State Div. of Parole*, No. 95 Civ. 1786 (BMC), 2015 WL 6143656, at *3 (E.D.N.Y. Oct. 18, 2015) (emphasis added); *see also Freeman v. Brown*, No. 10 Civ. 996 (KBF), 2014 WL 3427298, at *3 n.11 (S.D.N.Y. July 14, 2014) (similar). Thus, Plaintiff would have to petition for such a writ in the court of conviction, the Eastern District of New York.

### K.     Leave to Amend Is Denied.

Although federal district courts generally grant a self-represented plaintiff an opportunity to amend his or her complaint to cure defects, "leave to amend is not required where it would be futile." *Celli,* 2022 WL 1063038, at *3 (citing *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011)).  "Because the defects in Plaintiff's [C]omplaint cannot be cured with an amendment, the Court declines to grant leave to amend his [C]omplaint."  *Id.*

## WARNING

"As already explained to Plaintiff" by judges in this District and in the Eastern District of New York, "a civil rights action is *not* the proper vehicle to challenge a criminal conviction." *Celli*, 2022 WL 1063038, at *2; *see also Celli*, 2022 WL 922779, at *3 (same); *Celli*, 2022 WL 19696, at *2 (same); *Celli*, 2023 WL 2666876, at *2 (same).  This Court reiterates that Plaintiff cannot challenge his conviction in a civil rights action filed in this Court, in the Eastern District of New York, or in any other federal district court.

"In light of [Plaintiff's] litigation history, the Court finds that Plaintiff was or should have been aware" of this action's lack of merit when he filed it.  *Celli*, 2022 WL 922779, at *4 (citing *Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009)).  Accordingly, the Court warns Plaintiff that if he files any further litigation in this Court challenging his Eastern District of New York conviction, **it may result in an order barring him from filing any new action challenging that conviction, without prior permission**.  *See* 28 U.S.C. § 1651.

## CONCLUSION

For the foregoing reasons, the Court dismisses this action without prejudice to Plaintiff pursuing, **outside of this Court**, claims on direct appeal from his conviction or in a collateral challenge to his conviction.

The Court again warns Plaintiff that **if he files any further litigation in this Court challenging his Eastern District of New York conviction, it may result in an order barring him from filing any new action challenging that conviction, without prior permission**.  *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to close this case.

SO ORDERED.

Dated:  March 24, 2025
        New York, New York

                                          _____
                                          JENNIFER H. REARDEN
                                          United States District Judge