UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*2024-cv-07442*

Lucio Celli,

Plaintiff,

v.

AG et al,

Defendants.

MOTION TO DENY DISMISSAL OF CONSPIRACY CLAIM AGAINST PRIVATE ACTOR AND TO GRANT LEAVE FOR EVIDENTIARY HEARING

COMES NOW Plaintiff, respectfully submitting this motion opposing any dismissal of the conspiracy claim against **Randi Weingarten**, a private individual, and in support of leave for an evidentiary hearing. This motion is based on controlling U.S. Supreme Court precedent and factual allegations that plausibly state a claim under **42 U.S.C. § 1983**.

---

I. Legal Standard: Private Party Conspiring with State Actor Is Liable Under § 1983

The United States Supreme Court in **Dennis v. Sparks**, 449 U.S. 24 (1980),** held that a private party who conspires with a judge to deprive a person of their constitutional rights can be held liable under § 1983, even though the judge may be immune. The Court emphasized:

"Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions."
— *Dennis v. Sparks*, 449 U.S. at 27

The Court further held that **the judge's immunity does not shield the private conspirator** from liability.

---

## II. Plaintiff Has Alleged a Viable Conspiracy Involving Randi Weingarten

Plaintiff alleges that **Randi Weingarten**, though not a state actor, engaged in a conspiracy with judicial and political officials to retaliate against Plaintiff and obstruct access to employment, health care, and wages. Specifically:

- Weingarten conspired with **Judge Engelmayer** and later **Judge Rearden** to secure rulings that ignored Plaintiff's HIV status and administrative rulings ordering restitution;
- Plaintiff was **denied due process** and equal protection despite official records (ALJ Blassman, Probation Officer Karamigios) showing Plaintiff was entitled to relief;
- Weingarten is alleged to have **provided or funneled financial payments**, including in **cash**, to judicial actors, as part of a scheme to suppress Plaintiff's legal rights and credibility;
- The pattern of judicial rulings—marked by omission of facts, distortion of records, and selective deference—corroborates this conspiracy, especially when compared to favorable treatment received by Weingarten despite similar claims.

---

## III. Dismissal Is Inappropriate Under Dennis and Applicable Pleading Standards

Under *Dennis*, it is sufficient to allege:

1. **An agreement** between a private party and a state official;
2. **Acts in furtherance of that conspiracy**; and
3. **Resulting constitutional harm** to the plaintiff.

Plaintiff has alleged these elements in detail, supported by:

- Written admissions (Kellman, Silverman);
- Judicial records (NYC DOE wage decisions, suppressed transcripts);
- Evidence of retaliatory conduct (healthcare denial, judicial bias);
- Political interference by **Senator Schumer** and **Gillibrand**.

Dismissal of Plaintiff's § 1983 conspiracy claim at this stage would contradict *Dennis* and deprive Plaintiff of a fair opportunity to prove her case through discovery and testimony.

---

### IV. Relief Requested

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. **Deny any motion to dismiss** the § 1983 conspiracy claims against **Randi Weingarten** and associated private parties;
2. **Schedule an evidentiary hearing** to evaluate the allegations of judicial conspiracy, fraud upon the court, and external political influence;
3. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

### Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic

filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]