UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUCIO CELLI,<br><br>                              Plaintiff,<br><br>                    -v.-<br><br>AG BONDI AND THE AUSA OF YOUR<br>DISTRICT, et al.,<br><br>                              Defendants. | 24 Civ. 7442 (JHR)<br><br>ORDER |

JENNIFER H. REARDEN, District Judge:

Plaintiff Lucio Celli, acting *pro se*, filed this action apparently seeking injunctive relief in connection with his criminal conviction in 2021 for "Transmission of Threats to Injure," *United States v. Celli*, No. 19 Cr. 127 (PAE) (E.D.N.Y. July 20, 2021). On March 24, 2025, the Court dismissed the action for failure to state a claim on which relief could be granted. ECF No. 13 (Opinion & Order) at 1.

Plaintiff brings this application "opposing any dismissal of the conspiracy claim against Randi Weingarten, a private individual, and in support of leave for an evidentiary hearing." ECF No. 14 at 1. According to Plaintiff, "[t]his motion is based on controlling U.S. Supreme Court precedent and factual allegations that plausibly state a claim under 42 U.S.C. § 1983." *Id*. The Court is obligated to construe *pro se* pleadings "liberally," *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret such pleadings as raising the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Accordingly, the Court interprets Plaintiff's motion as a motion for reconsideration, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3 or Rule 60(b) of the Federal Rules of Civil Procedure, of the Court's March 24, 2025 Opinion and Order dismissing Plaintiff's action.

"The standards governing Rule 59(e) and Local Civil Rule 6.3 are the same." *Maltese v. Heastie*, No. 24 Civ. 6899 (LTS), 2024 WL 4275557, at *2, (S.D.N.Y. Sept. 24, 2024) (citing *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508-09 (S.D.N.Y. 2009)).  Rule 59(e) "require[s] the movant to demonstrate that the Court overlooked controlling law or factual matters that had been previously put before it." *Celli v. N.Y. Dep't of Educ.*, No. 21 Civ. 10455 (LTS), 2022 WL 292916, at *2 (S.D.N.Y. Feb. 1, 2022) (internal quotation marks omitted). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the [C]ourt." *Id.* (quoting *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000)).

Plaintiff has "failed to demonstrate in his motion that the Court overlooked any controlling decisions or factual matters in this action." *Id.*  Plaintiff's motion under Rule 59(e) and Local Civil Rule 6.3 is therefore denied. *See id.*; *see also Golden Ins. Co. v. Ingrid House, Inc.*, No. 20 Civ. 1163 (LJL), 2021 WL 4198232, at *2 (S.D.N.Y. Sept. 14, 2021) ("Because [movant] was required to raise this issue on the underlying motion and did not, it cannot raise the issue now on a motion for reconsideration.").

As for Rule 60(b), a party may seek relief from a district court's order or judgment under that provision for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and "even under a liberal interpretation of his motion," Plaintiff has failed to show that any of the grounds listed in the first five clauses of Rule 60(b) apply. *Celli*, 2022 WL 292916, at *2. Thus, the motion under any of those clauses is denied. *See id*.

"To the extent that Plaintiff seeks relief under Rule 60(b)(6)," *id*., for "some reason other than those stated in clauses (1)-(5)," *id.* (alteration in original) (quoting *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009)), that motion also fails. A Rule 60(b)(6) motion must show that "extraordinary circumstances exist to warrant relief." *Id.* (cleaned up). Plaintiff has not demonstrated such circumstances.

For these reasons, Plaintiff's application at ECF No. 14 is denied. Plaintiff's request for an evidentiary hearing at ECF No. 14 regarding this motion is denied as moot.

**Plaintiff's case in this Court under docket number 24 Civ. 7442 is closed. The Court warns Plaintiff that if he files any future frivolous or otherwise nonmeritorious submission in this action, the Court will direct him to show cause why the Court should not bar him from filing any future submissions in this action without the Court's leave to file. *See City of Philadelphia v. Bradley*, No. 24 Civ. 7607 (LTS), 2024 WL 5318687, at *2 (S.D.N.Y. Dec. 9, 2024) (citing *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.")).**

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this Order to Plaintiff and to note such service on the docket.

The Clerk of Court is further directed to terminate ECF No. 14.

SO ORDERED.

Dated: May 14, 2025
      New York, New York

                                         JENNIFER H. REARDEN
                                         United States District Judge