# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

*2024-cv-07442 and 24-cv-9743*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.

**Appeal to Judge Rearden**

> The motion to vacate is denied as moot. The Clerk of Court has removed the ruling by Judge Lehrburger from this docket, having deemed it incorrectly filed in this case.
>
> Plaintiff's motion to compel is nearly identical to a motion that Judge Lehrburger recently adjudicated in 24 Civ. 9743. Judge Lehrburger denied the motion as "frivolous and vexatious." *Celli v. New York City*, 24 Civ. 9743 (JPC) (RWL), at 1 (S.D.N.Y. Apr. 17, 2025). The instant motion to compel fails for the same reasons, and the Court hereby denies it.
>
> The Clerk of Court is directed to terminate ECF No. 18.
>
> SO ORDERED.
>
> *Jennifer H. Rearden*
> Jennifer H. Rearden, U.S.D.J.
> Dated: May 14, 2025

## MOTION TO VACATE UNAUTHORIZED JUDICIAL ACTIONS AND COMPLAINT OF JUDICIAL MISCONDUCT

### TO THE HONORABLE COURT AND CHIEF JUDGE:

**Case no. 24-cv-7442 and in 24-cv-9743**

COMES NOW Plaintiff, pro se, and respectfully moves this Court to:

1. **Vacate all decisions, orders, or actions entered by Judge Lehuburger** in this matter, as said judge was **not duly assigned** to this case pursuant to standard random assignment protocols and appeal this entry to Hon. Rearden;

1. File this as a **formal complaint of judicial misconduct** under the Judicial Conduct and Disability Act, 28 U.S.C. § 351, and the Code of Conduct for United States Judges;
2. Request **investigation, reassignment, and appropriate administrative or disciplinary remedies** for these violations.

---

## FACTUAL BACKGROUND

1. Plaintiff is the named party in this action currently pending in the U.S. District Court for the Southern District of New York;

2. Upon review of the court docket, it appears that Judge Lehuburger has entered substantive rulings, including frivolous and vexatious, **without formal assignment** to this matter;
3. Case assignment rules for this jurisdiction, including those of the Judicial Conference and local district court, require **random and impartial assignment** of judges to prevent bias and promote due process;
4. Plaintiff was not notified of a transfer, reassignment, or recusal process and did not consent to adjudication by the presiding judge;
5. This judge's entry of decisions without assignment appears to **violate local court rules**, the **Code of Conduct for U.S. Judges (Canon 2 and 3)**, and judicial impartiality safeguards.
6. **Judicial Misconduct: Political Engagement Violates the Judicial Conduct and Disability Act**

The **Judicial Councils Reform and Judicial Conduct and Disability Act of 1980**, codified at **28 U.S.C. §§ 351–364**, provides that any conduct that is "prejudicial to the effective and expeditious administration of the business of the courts" constitutes misconduct. This includes:

- **Using judicial office to benefit political allies**;
- **Making rulings to reward political blocs or actors**;
- **Promoting one's own advancement through politically aligned decisions**.

As Congress stated in **Senate Report No. 96-362 (1979)**:

"Judges must not use their office to advance partisan political interests," and
"Conduct giving the appearance of political influence or reward must be investigated and disciplined." (*Cong. Rec.*, Oct. 14, 1980, S14307)

7. Lehrburger dismissed my motion, knowing it had merit and grounded in case law and legislative history

---

## GROUNDS FOR RELIEF

This motion is grounded in the following authorities:

- **28 U.S.C. § 351**: Allows any person to file a complaint alleging that a judge has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts.
- **Federal Rule of Civil Procedure 72**: Outlines the procedures for magistrate judges handling pretrial matters and emphasizes the necessity of proper assignment
- **Code of Conduct for United States Judges**:
    - **Canon 2**: A judge should avoid impropriety and the appearance of impropriety in all activities.

- **Canon 3**: A judge should perform the duties of the office fairly, impartially, and diligently.

**REQUESTED RELIEF**

Plaintiff respectfully requests that the Court:

1. **Vacate all rulings, decisions, and orders** entered by Judge Lehuburger due to lack of judicial assignment authority;
2. **Refer this matter to the Chief Judge or appropriate Judicial Council** for review and corrective action;
3. Reassign this matter through the **standard random assignment process**;
4. Grant any other relief that the Court deems just and proper in the interest of fairness and judicial integrity.

**Respectfully submitted,**
Lucio Celli

Motion

**MOTION TO COMPEL FINANCIAL DISCLOSURE AND REQUEST FORENSIC AUDIT BASED ON JUDICIAL MISCONDUCT AND POLITICAL INFLUENCE IN EMPLOYMENT MATTERS**

COMES NOW Plaintiff, pro se, and respectfully moves this Court to:

1. Compel full **financial disclosure** from Judges **Engelmayer, Rearden, Wolfe, and Livingston**;
2. Appoint a **neutral forensic accountant** to conduct a financial and conflict-of-interest audit;
3. Investigate improper **political coordination between federal judges and U.S. Senators Chuck Schumer and Kirsten Gillibrand**;
4. Refer ethical and legal violations for review to the **Judicial Council**, **Department of Justice**, and **Congressional Ethics Committees**.

## I. Grounds for Relief – Political Influence and Judicial Misconduct

Plaintiff alleges the following:

1. **Randi Weingarten**, a powerful union official, received **judicially assisted employment decisions and legal protection** as a result of **undue influence** from **Senators Schumer and Gillibrand**;
2. Judges **Engelmayer, Rearden, Wolfe, and Livingston** are implicated in a pattern of decisions that:
    - Ignored binding facts and rulings favorable to Plaintiff;
    - Withheld restitution and medical access based on retaliatory motives;
    - Selectively applied relief to Weingarten while denying it to Plaintiff;
    - Operated under political pressure and external influence;
3. **Gratuitous use of union resources**—in the form of staff, legal support, publicity, and undisclosed cash payments—were exchanged to protect Weingarten from accountability.

This conduct, if proven, violates:

- The **Code of Conduct for U.S. Judges**, particularly **Canon 5: Judges shall not engage in political activity**;
- **18 U.S.C. § 201 (Bribery)** and **§ 1346 (Honest Services Fraud)**;
- **18 U.S.C. § 246**, for obstructing Plaintiff's access to federally supported benefits;
- Established precedents under *Caperton v. Massey*, *McDonnell v. United States*, and *Dennis v. Sparks*.

## II. Financial and Political Conflicts – Request for Forensic Audit

Plaintiff requests a full and independent **forensic audit** to determine whether:

- Judges or staff received **undisclosed gifts, campaign assistance, or benefits** from Randi Weingarten or related entities;
- Union funds, offices, or influence were used as **a "thing of value"** to induce or maintain favorable treatment in litigation;
- Senators Schumer and Gillibrand engaged in **backchannel communications or unethical conduct** designed to pressure judicial officers for political or retaliatory purposes.

This audit is necessary to uncover any **financial irregularities, unexplained deposits, or conflict-related benefits**, especially where **cash bribes or free union resources** were involved—consistent with conduct found criminal in cases like *United States v. Seabrook*, *McDonnell*, and *Dennis*.

## III. Relief Requested

Plaintiff respectfully requests that this Court:

1. **Compel public financial disclosures** from Judges Engelmayer, Rearden, Wolfe, and Livingston, including assets, gifts, and honoraria;
2. **Appoint an independent forensic accountant** to audit any financial records, communications, or transactions implicating undue influence;
3. **Order immediate recusal** of implicated judges pending outcome of this investigation;
4. **Refer matters to the Judicial Council and DOJ Public Integrity Section**;
5. Grant such other and further relief as may be appropriate in the interests of justice and public confidence in judicial impartiality.